Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001142
31-MAR-2014
09:45 AM

NOS. CAAP-13-0001142; CAAP-13-1143;
CAAP-13-1144; CAAP-13-1145; CAAP-13-1146;
CAAP-13-1147; CAAP-13-1148; CAAP-13-1149

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SIMBRALYNN L. KANAKA'OLE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(North/South Hilo Division)
(CASE NOS. 3DTC-08-024235, 3DTC-08-023033, 3DTA-08-02625;
3DTC-10-004141; 3DTC-10-005190; 3DTA-10-01865;
3DTC-10-005772; 3DTC-10-025081)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Defendant-Appellant Simbralynn Kanaka'ole (Kanaka'ole)[1]
appeals from the Judgment entered by the District Court of the
Third Circuit (District Court)[2] on December 5, 2012, in
3DTA-08-02625, 3DTA-10-01865, 3DTC-08-023033, 3DTC-08-024235,
3DTC-10-004141, 3DTC-10-005190, 3DTC-10-005772, and
3DTC-10-025081. Kanaka'ole was convicted of six counts of
driving without a license, in violation of Hawaii Revised
Statutes (HRS) § 286-102 (2007); three counts of driving without
no-fault insurance, in violation of HRS § 431:10C-104 (2005); and

_____

[1] The record indicates that Kanaka'ole was referred to at times as
"Simbralynn Kanaka'ole-Esperon."

[2] The Honorable Harry P. Freitas presided.

two counts of failure to appear, in violation of HRS § 803-6(e) (1993 & Supp. 2007).

In the District Court, Kanaka'ole moved to dismiss the charges. She asserted that she was a subject of the Kingdom of Hawai'i, that she was cited in the Kingdom of Hawai'i, and that the District Court lacked jurisdiction over her cases. The District Court denied the motion to dismiss, and Kanaka'ole entered conditional pleas of no contest on all the charges. Based on her pleas, the District Court found Kanaka'ole guilty and sentenced her to various fines and assessments.

I.

On appeal, Kanaka'ole argues that the District Court lacked jurisdiction over her cases because the Hawaiian Kingdom continues to exist and she is a subject of the Hawaiian Kingdom. We conclude that Kanaka'ole's argument is foreclosed by decisions of the Hawai'i Supreme Court and this court. State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013); State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004).

In Kaulia, the defendant, Dennis Kaulia, contended that "the courts of the State of Hawai'i lacked subject matter jurisdiction over his criminal prosecution because the defense proved the existence of the Hawaiian Kingdom and the illegitimacy of the State of Hawai'i government." Kaulia, 128 Hawai'i at 486-87, 291 P.3d at 384-85. The supreme court rejected Kaulia's claim. Id. The supreme court ruled as follows:

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness" of its origins, "the State of Hawai'i . . . is now, a lawful government." State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004). Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. See id. at 55, 101 P.3d at 664; State v. Lorenzo, 77 Hawai'i 219, 883 P.2d 641 (App. 1994); State v. French, 77 Hawai'i 222, 883 P.2d 644 (App. 1994); Nishitani v. Baker, 82 Hawai'i 281, 921 P.2d 1182 (App. 1996); State v. Lee, 90 Hawai'i 130, 976 P.2d 444 (1999).

2

Thus we also reject Kaulia's argument that the circuit court erred in precluding Kaulia from calling a witness to present evidence concerning the existence of the Kingdom in support of his Motion to Dismiss.

Id. at 487, 291 P.3d at 385.

In Fergerstrom, this court stated:

[T]he State of Hawai'i has lawful jurisdiction over all persons operating motor vehicles on public roads or highways within the State of Hawai'i. Persons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawai'i.

Fergerstrom, 106 Hawai'i at 55, 101 P.3d at 664.

Consistent with Kaulia and Fergerstrom, we hold that the District Court had jurisdiction over Kanaka'ole's cases.

II.

We affirm the Judgment entered by the District Court on December 5, 2012, in 3DTA-08-02625, 3DTA-10-01865, 3DTC-08-023033, 3DTC-08-024235, 3DTC-10-004141, 3DTC-10-005190, 3DTC-10-005772, and 3DTC-10-025081.

DATED: Honolulu, Hawai'i, March 31, 2014.

On the briefs:

Gary C. Zamber
for Defendant-Appellant

Patricia A. Loo
Deputy Prosecuting Attorney
County of Hawai'i

Chief Judge

Associate Judge

Associate Judge

3